Filed 6/5/26  P. v. Velazco CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE , <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JUAN MIGUEL VELAZCO, <br><br> Defendant and Appellant. | F089937, F089939 <br><br> (Super. Ct. Nos. BF198973A, BF199687A) <br><br><br> **OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Andrew Kendall, Judge.

J. Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*  Before Levy, Acting P. J., Detjen, J. and Harrell, J.

## **INTRODUCTION**

Appellant and defendant Juan Miguel Velazco (appellant) pleaded no contest to felony burglary and was placed on probation as part of a negotiated disposition in two cases.  He violated the terms and conditions of probation by failing to report to the probation officer as ordered.  The trial court found this case constituted his sixth violation of probation, and sentenced appellant to the upper term of six years in prison for first degree burglary.

On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Appellant did not file a supplemental brief on his own behalf.  We affirm.

## **PROCEDURAL BACKGROUND**

On April 15, 2024, the Kern County District Attorney filed a complaint in Kern County Superior Court case No. BF198973A that charged appellant with committing the following offenses on or about April 1, 2024:  count 1, felony vandalism over $400 (Pen. Code,[1] § 594, subd. (b)(1)); and count 2, misdemeanor possession of narcotics paraphernalia (Health & Saf. Code, § 11364).  As to count 1, it was further alleged there were five aggravating circumstances.  (Cal. Rules of Court, rule 4.421(b).)

On June 4, 2024, a felony complaint was filed in case No. BF199687A, that charged appellant with committing the following offenses on or about May 31, 2024:  count 1, first degree residential robbery (§ 212.5, subd. (a)); and count 2, first degree residential burglary (§ 460, subd. (a)), with two aggravating circumstances (Cal. Rules of Court, rule 4.421(a), (b)).

---

[1]     All further statutory citations are to the Penal Code unless otherwise indicated.

2.

**Plea Hearing and Probation**

On July 15, 2024, appellant entered pleas in both cases pursuant to a negotiated disposition for probation. In case No. BF198973A, he pleaded no contest to count 1, felony vandalism, and the trial court dismissed count 2, misdemeanor possession of narcotics paraphernalia. In case No. BF199687A, he pleaded no contest to count 2, first degree residential burglary, and the court dismissed count 1, first degree robbery.

The court advised appellant that in both cases, he would be placed on probation for two years with a stipulated sentence of one year in jail. Appellant was advised of and waived his constitutional rights, and the parties stipulated to a factual basis for the pleas. Appellant also pleaded no contest to unrelated misdemeanors as part of the plea agreement.

On August 12, 2024, the court conducted the sentencing hearing. In case No. BF199687A, the court suspended sentence and placed appellant on felony probation for two years for his conviction of first degree burglary. The court ordered appellant to serve the first year of his probationary period in jail, and then report in person to the probation officer within five business days of his release from custody. In case No. BF198973A, the court suspended imposition of sentence and placed appellant on probation for two years for his conviction of felony vandalism. The court again ordered him to serve the first year of the probationary period in jail, concurrent to the term in the companion case. The court also imposed concurrent terms of one year for the unrelated misdemeanor cases.

**Probation Violations and Sentencing**

On September 26, 2024, appellant's assigned probation officer filed a declaration stating that appellant violated probation in both cases by failing to report to the probation officer after his release from custody.

On March 27, 2025, the court arraigned appellant on the probation violations in both case Nos. BF198973A and BF199687A.  Appellant denied the allegations.  The court revoked probation and appellant was remanded into custody.

On May 27, 2025, the court conducted a hearing on the probation violations.  Yuri Soto, a deputy probation officer, testified she was assigned to be appellant's probation officer in both cases.  Soto testified appellant was released from jail on August 23, 2024, and he never made contact with the probation office.  Soto testified he violated probation by failing to report to the probation office within five business days of being released from custody, and failing to provide a true and accurate address.

The court found appellant violated the terms and conditions of his probation in both cases.  The court stated that appellant was only located when he was arrested on other misdemeanor charges.  Appellant was already on Post Release Community Supervision when he was placed on probation in this case for felony burglary, and now committed a sixth violation of probation.

In case No. BF199687A, the court imposed the upper term of six years for count 2, first degree burglary.  In case No. BF198973A, the court sentenced appellant to the concurrent upper term of three years for felony vandalism.  The court imposed concurrent terms for violating probation in the unrelated misdemeanor cases.

On June 6, 2025, appellant filed timely notices of appeal in both cases.

On March 4, 2026, this court granted appellant's motion to consolidate these cases on appeal.

## DISCUSSION

As noted above, appellate counsel filed a *Wende* brief with this court in the consolidated appeal.  The brief also includes counsel's declaration that appellant was advised he could file his own brief with this court.  On March 6, 2026, this court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues in the consolidated appeals.  Appellant did not do so.

4.

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.